UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HARTFORD FIRE INSURANCE COMPANY
a/s/o Colonie Youth Center,

                        Plaintiff,

   v.                                   1:07-cv-1188
                                         (LEK/DRH)

HENRY COMPANY,

                        Defendant.

## DECISION and ORDER

      Presently before the Court is Plaintiff Hartford Insurance Company's Motion for reconsideration of the Court's December 11, 2008 Decision & Order granting Defendant's Motion for summary judgment. Motion for reconsideration (Dkt. No. 47); Order (Dkt. No. 44). Plaintiff seeks reconsideration on the ground that the Court did not properly consider the parties' relationship in applying the applicable legal standard. Plaintiff contends that there was no direct contract between Plaintiff's insured and Defendant and that Defendant should be liable because it negligently provided professional inspection services.

      The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and

prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco v. U.S., 2000 WL 1346726 at *1 (S.D.N.Y. Sept. 19, 2000) (motion for reconsideration is not a vehicle to "advance new facts, issues or arguments not previously presented to the court."). There are only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice. Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983).

> In the Court's prior decision, it stated as follows:
>
> The fact that Defendant provided these inspections does not alter the result. Determining whether a claim falls within contract or tort entails analysis of the basis of the parties' relationship, the nature of the injury, the manner in which the injury occurred, and the resulting harm. See Sommer v. Federal Signal Corp., 79 N.Y.2d 540, 551 (1992). Any duty owed by Defendant arose out of the contract to supply its product. Although Henry agreed to perform certain limited inspections, any such duty was part of the underlying contract and not an independent legal duty. See Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 389-90 (1987). Thus, it was the parties' contract, not policy, that gave rise to any duty of care. Sommer, 79 N.Y.2d at 551; Clark-Fitzpatrick, Inc., 70 N.Y.2d at 390. The nature of the injury, the manner in which it occurred, and the resulting harm, also counsel against permitting tort causes of action. . . . . Accordingly, for the foregoing reasons, Plaintiff's products liability and negligence claims are barred by the economic loss doctrine.

December 11 Order at 8-9 (Dkt. No. 44).

Although the Court did mention "the parties' contract" in the foregoing paragraph, the Court was well aware that there was no direct contract between Plaintiff's insured and Defendant. The Court understood that the contract was between Defendant and a subcontractor that was working on the construction project. The fact remains that there is insufficient evidence in the record upon which a fair-minded trier of fact could reasonably conclude that Defendant provided professional services independent of the underlying contract between Defendant and the subcontractor to supply its product. Although Plaintiff claims that Defendant was performing a professional inspection service, the Court has found no New York case (and Plaintiff has not identified any such case) finding the necessary independent duty arising outside a traditionally recognized profession, such as an architect or engineer. See Regent Ins. Co. v. Storm King Contracting, Inc., 2008 WL 563465, at *14 (S.D.N.Y. 2008); Rothberg v. Reicheld, 270 A.DF.2d 760, 763 (3d Dep't 2000); Municipal Housing Authority of City of Schenectady v. Crozier Philippi Assocs., P.C., 190 A.D.2d 893 (3d Dep't 1993) ("Third-party defendant [a contractor] is not a professional and its only potential liability for plaintiff's economic loss arises out of third-party defendant's alleged breach of its contract with plaintiff."); John Grayson & Co. v. State Univ. Constr. Fund, 99 A.D.2d 860, 861 (3d Dep't 1984).

Moreover, contrary to the establishment of any independent legal duty, the record evidence demonstrates that Defendant expressly disclaimed any such duty. Defendant advised that "[t]he role of HENRY Company is nor [sic] one of inspection or over all approval of the installation." Stated otherwise, there is insufficient evidence that Defendant violated an independent professional duty owed to Plaintiff's insured. This case simply involves Plaintiff's attempt to hold Defendant liable for the alleged failure of its product to work as intended. See Bellevue South Assocs. v. HRH Const. Corp., 78 N.Y.2d 282 (1991) (Even where there was no direct contractual relationship between the plaintiff

property owner and the defendant tile manufacturer, the tile manufacturer was not liable in tort to property owner for damages resulting from the delamination of floor tiles.).

For the foregoing reasons, it is hereby

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 47) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED: February 19, 2009
Albany, New York

Lawrence E. Kahn
U.S. District Judge